**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **Fleur de Lis Marine, LLC** | **Civil Action** |
| **v.** | **Case No.:** |
| **Reliabull Shipping LLC and Hubert Turnbull** | **Section:** |

# COMPLAINT FOR DECLARATORY JUDGMENT

## Complaint for Declaratory Judgment

NOW INTO COURT, through undersigned counsel, comes plaintiff Fleur de Lis Marine, LLC, which represents as follows for its complaint against Hubert Turnbull and Reliabull Shipping LLC:

1.

Fleur de Lis seeks a declaration under 46 U.S.C. § 31343(c)(2) that the tug LA COMMANDER, Official No. 548364, is not subject to the maritime liens claimed by Hubert Turnbull and Reliabull Shipping LLC or to their notices of claim of lien. Fleur de Lis also seeks attorneys' fees and costs, and pre-judgment and post-judgment interest.

## Parties

2.

Plaintiff Fleur de Lis Marine, LLC is a Louisiana limited liability company with its principal place of business at 15 Lake Forest Drive, Covington, Louisiana 70433. It has owned the tug LA COMMANDER since July 2010 and is her owner of record.

3.

Defendant Hubert Turnbull is a natural person who, on information and belief, resides in St. Thomas, U.S. Virgin Islands. He is the president of Reliabull Shipping LLC. The vessel's abstract of title lists him, as "Hurbert Turnbull," 18 Crown Bay, P.O. Box 302162, St. Thomas, U.S. Virgin Islands 00803, as the claimant on the recorded notice of claim of lien.

4.

Defendant Reliabull Shipping LLC is a limited liability company organized under the laws of the Virgin Islands of the United States, with an address at No. 18 Crown Bay, St. Thomas, U.S. Virgin Islands 00802.

**Jurisdiction and venue**

5.

The Court has subject-matter jurisdiction because this is a civil action in admiralty under the Commercial Instruments and Maritime Liens Act (CIMLA), 46 U.S.C. § 31343(c)(2), which gives the district courts jurisdiction to declare that a vessel is not subject to a lien claimed under subsection (b) of that section, or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties. 28 U.S.C. § 1333(1). In the alternative, the Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this case arises under federal law.

6.

Rule 9(h) designation. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h).

7.

Venue is proper in this District under 46 U.S.C. § 31343(c)(2), which places venue in the district where the vessel is found, where the claimant resides, or where the notice of claim of lien is recorded. The vessel is within this District.

8.

Reliabull is subject to personal jurisdiction in this District. In section 9.3 of the March 23, 2026 vessel purchase agreement, Reliabull submitted to the jurisdiction of the state and federal courts in or for St. Tammany Parish, Louisiana, which lies within this District. Reliabull also directed the conduct at issue to Louisiana: it contracted with a Louisiana owner, and the work it relies on was performed in Louisiana, largely by Louisiana suppliers, on a vessel located here. Mr. Turnbull is subject to personal jurisdiction here because he caused a notice of claim of lien to be recorded against a vessel located in Louisiana and owned by a Louisiana company, for work performed in Louisiana, and this action arises from that notice.

## Factual background

*A. The vessel and Reliabull's failed purchases*

9.

The LA COMMANDER is a U.S.-documented tug, Official No. 548364.

10.

For nearly three years, from June 2023 to May 2026, Reliabull tried and failed to buy the vessel from Fleur de Lis.

11.

On June 15, 2023, Fleur de Lis agreed to sell and Reliabull agreed to buy the vessel for $800,000. Mr. Turnbull signed the agreement for Reliabull. Title and physical possession were to

pass only at closing, and the vessel remained at Fleur de Lis's risk until title passed. Closing depended on Reliabull obtaining third-party financing. Reliabull never tendered the balance, and the sale did not close.

12.

At no time before a closing did Fleur de Lis authorize Reliabull or anyone acting for it to order work for the vessel on Fleur de Lis’s account.

13.

On February 27, 2025, Fleur de Lis terminated the 2023 agreement by written notice.

14.

On March 23, 2026, Fleur de Lis and Reliabull signed a second vessel purchase agreement, with closing no later than May 29, 2026 and a down payment of $300,000 due two business days before closing. Mr. Turnbull signed it for Reliabull. The agreement provided for delivery of the vessel to Reliabull at closing, at her location at a Bollinger Shipyard facility. In it, Reliabull agreed to defend and indemnify Fleur de Lis and the vessel against any maritime liens or other encumbrances Reliabull incurred on the vessel before closing.

15.

Reliabull never tendered the down payment or the required proof of insurance. On May 27, 2026, it told Fleur de Lis it could not fund. The closing did not occur on May 29, 2026.

16.

On June 9, 2026, Fleur de Lis terminated the 2026 agreement by written notice. On June 15, 2026, Reliabull acknowledged in writing that it did not fund or close.

17.

Despite that, Reliabull claims a maritime lien in the amount of $343,529.06 for "services rendered to the vessel performed by ReliaBULL Shipping, LLC, or its agents." Mr. Turnbull also submitted his own notice of claim of lien, for $346,109, described in paragraph 23.

18.

Reliabull performed none of the work itself but is instead claiming a maritime lien for work performed by others. Reliabull supported its claim with estimates, invoices and one pre-invoice from third-party suppliers: NRE Power Systems, Allied Shipyard, Capt. AL, LLC, Patriot Marine Services, Radiator Services of Houma, Renovations Inc., and the American Bureau of Shipping. None is addressed to Reliabull.

19.

Fleur de Lis did not order the work, and did not authorize Reliabull or any other party to order it on Fleur de Lis's account or on the credit of the vessel. A&A Brokers, LLC acted only as broker for the sale. Fleur de Lis did not engage it for anything else and did not authorize it to order work on the vessel.

20.

Most of the claim, $239,524.80, rests on an Allied Shipyard pre-invoice dated May 8, 2025, for repairs and storage. It is addressed to A&A Brokers, and a handwritten note on it records $186,737.74 paid. Allied's own notice of claim of lien, recorded March 29, 2024, states that its lien for $123,877.06 was established August 22, 2023. Allied satisfied that notice of record on October 1, 2025.

21.

Neither Mr. Turnbull nor Reliabull holds a lien on the vessel. On information and belief, neither holds an assignment of any supplier's lien claim, and neither made an advance on the credit of the vessel.

22.

Neither Mr. Turnbull nor Reliabull demanded reimbursement or payment from Fleur de Lis for any of these charges before causing a notice of claim of lien to be filed.

*B. The notices*

23.

A notice of claim of lien dated June 24, 2026, for $346,109, was submitted to the National Vessel Documentation Center in the name "Hurbert Turnbull." The Center added it to the vessel's abstract of title with a filing date of July 6, 2026.

24.

Fleur de Lis received no copy of that notice. On June 29, 2026, the Center wrote to Reliabull that the notice was not eligible for filing or recording as presented and listed what was missing, including the declaration required by 46 U.S.C. § 31343(b) that a copy had been sent to the owner, to each person with an unexpired recorded notice, and to each mortgagee.

25.

In routine pre-sale due diligence, Fleur de Lis obtained the abstract on Friday, September 4, 2026, before the Labor Day weekend. That was its first notice of the claimed lien.

26.

On September 16, 2026, Reliabull submitted its own notice of claim of lien to the Center, for $343,529.06, with a declaration of service.

27.

Reliabull's notice states the nature of the lien as "[f]ailure of Fleur de Lis Marine, LLC, to pay for services rendered to the vessel performed by ReliaBULL Shipping, LLC, or its agents," and the date on which the lien was established as "July 2023 – May 2025."

28.

The abstract of title issued as of September 29, 2026 shows a single notice of claim of lien on the vessel, Batch 84, Doc ID 2068419, with status "recorded." It gives a filing date of July 6, 2026, an instrument date of September 16, 2026, and an amount of $346,109.00. It lists the claimant as "Hurbert Turnbull" and states that the lien was established June 29, 2026. On September 24, 2026, the Center added the instrument date and entered a correction remark, but the claimant shown is still Mr. Turnbull. Neither the amount nor the date matches Reliabull's notice, which claims $343,529.06 and states the lien was established "July 2023 – May 2025." June 29, 2026 is the date of the Center's deficiency letter. It is more than a year after the last charge Reliabull claims, and after Fleur de Lis terminated the 2026 agreement.

29.

Reliabull's declaration states that a copy of the notice, as presented for recordation, was sent to the owner of the vessel, to each person with an unexpired recorded notice, and to each mortgagee. That was not true when made. The vessel is subject to three fleet preferred mortgages, each held by a different testamentary trust. The only copy Fleur de Lis has identified was mailed by Reliabull's counsel by certified mail postmarked September 21, 2026, after the notice and declaration were submitted, to the trustee of one of the three trusts. On information and belief, no copy was sent to Fleur de Lis or to the other two mortgagees before the notice was submitted.

30.

Reliabull's support includes an estimate dated April 5, 2023, outside the stated range, and charges dated more than three years before the notice was submitted.

*C. Harm to Fleur de Lis*

31.

Fleur de Lis then found a buyer for the vessel. The buyer withdrew because it would not buy the vessel subject to the claimed liens. The vessel has no buyer now, and the claimed liens and notices cloud her title.

32.

Fleur de Lis demanded in writing that Mr. Turnbull and Reliabull withdraw their notices and release their claims, and explained why. Neither has done so.

**Count I: the vessel is not subject to the claimed liens**

33.

Fleur de Lis incorporates paragraphs 1 through 32.

34.

A maritime lien for necessaries arises in a person who provides necessaries to a vessel on the order of the owner or a person authorized by the owner. 46 U.S.C. § 31342(a). A lien also requires that the necessaries were furnished on the credit of the vessel.

35.

Reliabull claims a lien for work “performed by ReliaBULL Shipping, LLC, or its agents.” Reliabull performed none of it and furnished no necessaries to the vessel. A lien belongs to the person who furnished the necessaries or who succeeded to that person's lien, not to a person who ordered or paid for them through others.

36.

Reliabull's claim fails whether or not it was the owner of the vessel when the work was ordered. Fleur de Lis pleads the following in the alternative under Fed. R. Civ. P. 8(d)(2) and (3). In the first, Reliabull was never authorized by the owner to incur liens against the vessel, and to the extent it was, it holds no lien. In the second, Reliabull stood as owner and cannot lien its own vessel.

37.

Reliabull was not the owner of the vessel. Fleur de Lis never authorized Reliabull or anyone acting for it to order work on the vessel on Fleur de Lis's account or to incur a lien against her, and Fleur de Lis did not order the work. A&A Brokers, the broker for the sale, is not among the persons presumed to have authority to procure necessaries, 46 U.S.C. § 31341(a), and had none from Fleur de Lis. The presumption of authority in 46 U.S.C. § 31341(a)(4)(D) for an officer or agent appointed by an agreed buyer in possession does not apply, because there was no agreed buyer in possession.

38.

To the extent Reliabull was ever an agreed buyer in possession, any authority it had ended when Fleur de Lis terminated the 2023 agreement on February 27, 2025, and Reliabull had none until the parties signed the 2026 agreement on March 23, 2026. Work ordered in that period, including any part of Allied Shipyard's work performed after February 27, 2025, was not ordered by a person authorized by the owner.

39.

To the extent any work was ordered by a person with authority to bind the vessel, Reliabull is not the holder of the resulting lien. Reliabull did not furnish the work; the suppliers did. On

information and belief, Reliabull holds no assignment of any supplier's claim or lien, was not subrogated to any supplier's rights, and made no advance on the credit of the vessel that discharged a supplier's lien. Reliabull succeeded to no supplier's lien in any way.

40.

No lien arose in favor of any supplier. On information and belief, the work was ordered by Reliabull, Mr. Turnbull, or persons acting for them, including A&A Brokers and Capt. AL, LLC, for their own accounts and on their own credit, not on the credit of the vessel. The suppliers other than ABS, whose invoices are addressed to Fleur de Lis, billed those persons, not the vessel or her owner, no supplier looked to the vessel, and to the extent the suppliers have been paid, they were paid by those persons or by Fleur de Lis. Whatever Reliabull paid, it paid on its own account or its principal's or broker's, and that payment discharged the supplier's claim and any lien with it. Allied’s recorded lien, for example, was satisfied of record on October 1, 2025.

41.

If instead Reliabull was an agreed buyer in possession, an owner pro hac vice, or otherwise stood as owner when it ordered the work, then it was the person on whose order the work was done and the person who answers for it.

42.

An owner cannot hold a maritime lien on its own vessel for necessaries it ordered. The lien protects strangers to the vessel who extend credit to it. A person who stands as owner is not one, and it cannot recover as lienor for expenses it incurred in that capacity. Its remedy, if any, is in personam against whoever owes it.

43.

Reliabull cannot succeed to the suppliers' liens either. It furnished nothing and holds no assignment, and payment by the person who ordered the work discharges the debt and the lien. A person who stands as owner and pays for what it ordered does not make an advance on the credit of the vessel. It discharges its own obligation.

44.

If any invoice evidences a valid lien for necessaries furnished to the vessel on the order of the owner or a person authorized by the owner, the invoice is not evidence of the amount of the lien, which is limited to the fair market value of the necessaries furnished to the vessel and does not include amounts already paid.

45.

Mr. Turnbull has no lien either. He furnished nothing to the vessel and, on information and belief, holds no assignment of any supplier's claim or lien. He claims the same charges as Reliabull, and his claim fails for the same reasons.

46.

Fleur de Lis is entitled to a declaration that the LA COMMANDER is not subject to the liens claimed by Mr. Turnbull or Reliabull.

**Count II: the vessel is not subject to the notices of claim of lien**

47.

Fleur de Lis incorporates paragraphs 1 through 46. The vessel is not subject to the notices of claim of lien submitted by Mr. Turnbull and Reliabull, including the notice recorded at Batch 84, Doc ID 2068419, because there is no lien of which either could give notice.

48.

Independently, the notices are defective, and the vessel is not subject to them, for the following reasons:

a. Reliabull's notice asserts a lien for work "performed by ReliaBULL Shipping, LLC, or its agents." Reliabull performed none of it.

b. It states the nature of the lien as Fleur de Lis's failure to pay, which describes a debt Fleur de Lis denies owing, not a lien for necessaries furnished to the vessel.

c. It states the date the lien was established as a range, "July 2023 – May 2025," yet claims charges dated outside it.

d. A notice of claim of lien expires three years after the date the lien was established, as that date is stated in the notice. 46 U.S.C. § 31343(e)(1). The notice states that the lien was established beginning in July 2023, more than three years before Reliabull submitted it, and it claims charges dated as early as April 5, 2023.

e. As abstracted, the recorded notice states that the lien was established June 29, 2026. No necessaries were furnished to the vessel on that date, and no lien could have been established then.

f. The recorded amount, $346,109.00, differs from the $343,529.06 that Reliabull's notice claims and its support adds up to.

g. The recorded claimant is Mr. Turnbull, an individual who furnished nothing to the vessel, while the notice submitted on September 16, 2026 names Reliabull.

h. Mr. Turnbull's notice was submitted without the declaration that 46 U.S.C. § 31343(b) requires, and Fleur de Lis received no copy of it.

i. Reliabull’s declaration that copies were sent to the owner, other notice filers and mortgagees was untrue when made.

j. Reliabull’s notice claims amounts that Reliabull’s own support shows were paid.

49.

Fleur de Lis is entitled to a declaration that the vessel is not subject to the notices of claim of lien submitted by Mr. Turnbull and Reliabull, including the notice recorded at Batch 84, Doc ID 2068419, and to an order directing the Secretary of Homeland Security to record the declaratory order. 46 U.S.C. § 31343(c)(2).

**Count III: attorneys' fees and costs**

50.

Fleur de Lis incorporates paragraphs 1 through 49. In an action under 46 U.S.C. § 31343(c)(2), the court may award costs and attorneys' fees to the prevailing party unless the other party's position was substantially justified or other circumstances make an award unjust.

51.

The position of Reliabull and Mr. Turnbull is not substantially justified. They claim liens for work they did not perform, ordered by others on their own credit, in amounts their own support shows were paid in whole or in part. Those facts were apparent to them before this action was filed, and neither withdrew its notice after written demand. Fleur de Lis is entitled to its costs and attorneys’ fees, in personam against Reliabull and Mr. Turnbull.

52.

Proof of bad faith is not required, but the facts show it. Reliabull never made a cash offer after it failed to close on May 29, 2026, and it never demanded reimbursement from Fleur de Lis for any of the charges. Instead, a notice of claim of lien was filed in Mr. Turnbull's name, Fleur de

Lis was not told, and when the Center found it deficient, Reliabull submitted a second notice for a different amount. On information and belief, both were filed to interfere with the sale of the vessel.

WHEREFORE, Fleur de Lis Marine, LLC prays that after due proceedings there be judgment in its favor and against Hubert Turnbull and Reliabull Shipping LLC:

a. declaring that the tug LA COMMANDER, Official No. 548364, is not subject to the liens claimed by Hubert Turnbull or Reliabull Shipping LLC;

b. declaring that the vessel is not subject to the notices of claim of lien submitted by Hubert Turnbull and Reliabull Shipping LLC, including the notice recorded by the National Vessel Documentation Center at Batch 84, Doc ID 2068419, and directing that the Secretary record the declaratory order;

c. awarding Fleur de Lis its costs and attorneys' fees under 46 U.S.C. § 31343(c)(2), against Hubert Turnbull and Reliabull Shipping LLC, jointly and severally;

d. awarding pre-judgment and post-judgment interest and taxable costs; and

e. granting all other relief to which Fleur de Lis is entitled.

**DATED**: October 23, 2026

Respectfully submitted:

**BOHMAN | MORSE, LLC**

*/s/ Harry E. Morse*
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

*Attorneys for Fleur de Lis Marine, LLC*